IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS—EASTERN DIVISION

| | | |
|---|---|---|
| JOSIAH DUEHNING, Plaintiff, | ) | |
| vs. | ) | Case No. |
| CITY OF AURORA, a Municipal Corporation, and Officer VICTOR DEVALDIVIELSO, Star No. 366, Defendants. | ) | |

COMPLAINT

Plaintiff, by his undersigned counsel, complains of defendant as follows:

Nature of the Case

1. This is an action under the federal civil rights laws by which plaintiff, an individual who is compelled by his sincerely-held religious faith (Christianity) to go "into all the world, and preach the gospel to every creature" (Mark 16: 15)—the Gospel being the "good news" that Jesus Christ, the Son of God, fully God and fully man, was crucified in order to pay the penalty (eternal punishment) for the sins of all who do and will believe that He is God, and that he died and rose from the grave three days later (some 2000 years ago).

Plaintiff seeks to redress and remedy the violation of his federal constitutional rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution. More specifically, plaintiff seeks a declaration that his own rights were infringed and suppressed when the defendants, an Illinois municipality and its police officer, unlawfully interfered with and shut down his public presentation of the Gospel of Jesus Christ and leafleting which plaintiff was carrying on in a wholly peaceable and orderly manner on a public

sidewalk, a quintessential traditional public forum for time immemorial. Defendant enforced a heckler's veto against plaintiff, pushing him onto private property for the purpose of arresting him, and stopping him from exercising his rights of free speech, free assembly, and free expression of his religious faith.

## Jurisdiction & Venue

2. This Court has jurisdiction over the defendant, a city within the State of Illinois. Plaintiff resides in Aurora, Illinois. The events giving rise to plaintiff's claim occurred in Aurora, Illinois, which sits in Will, Kane, Kendall, and DuPage Counties.

3. This Court has jurisdiction over the subject matter of this dispute, as plaintiff's claim arises under the First, Fourth, and Fourteenth Amendments to the U.S. Constitution, and 42 U.S.C. §1983, as well as ancillary state law claims under this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

## The Parties

4. Plaintiff, Josiah Duehning ("Duehning" or "Plaintiff"), is an individual who is compelled by his sincerely-held religious faith (Christianity) to go "into all the world, and preach the Gospel to every creature" (Mark 16:15)—the Gospel being the "good news" that Jesus Christ, the only begotten Son of God, born of the virgin Mary, fully God and fully man, was crucified on a cross and died in order to pay the penalty (eternal punishment) for the sins of all who do and will believe that He is God, and that He rose from the grave three days after His death on the cross some 2000 years ago, and ascended into Heaven

where He is seated on the right hand of God His Father. Duehning preaches and distributes tracts about Christ and His gift of salvation to all who would believe in Him—"salvation" meaning attaining the perfect, blessed estate of eternal life in Heaven in the direct physical presence of God after natural death, and being filled with and empowered by the Holy Spirit (the third person of the Godhead, or Trinity, the others being God the Father and God the Son—Jesus Christ) to turn away from sin and sinful lifestyles while alive on earth prior to natural death.

5. Defendant CITY OF AURORA ("Aurora") is a municipal corporation and unit of local government located in Will, DuPage, Kane, and Kendall Counties, Illinois.

6. Defendant Officer VICTOR DEVALDIVIELSO ("DeValdivielso") is an Aurora police officer.

7. Josiah Duehning was handing out on August 28, 2012 tracts which related the Gospel of Jesus Christ on the public sidewalk in front of East Aurora High School in Aurora, Illinois.

8. He was first approached by an unidentified woman who told him he would have to cross the street.

9. He did not have any reason to believe that this woman was a school official as she did not identify herself.

10. Officer DEVALDIVIELSO approached Plaintiff and admonished him that he should have left in response to the woman who approached him earlier, and demanded his identification.

11. Plaintiff moved onto the sidewalk (as he realized he was on the grass) and gave his identification to DEVALDIVIELSO, and stated to the officer that he had handed out tracts on this same sidewalk before many times and that police allowed the same.

12. DEVALDIVIELSO made mention that Plaintiff was on the grass which was school property. Plaintiff responded by pointing out that he had moved onto the sidewalk (without being asked) when he realized he was on the grass (after he had gone to the grass earlier to speak with a group of students who desired to talk with him).

13. While DEVALDIVIELSO radioed Plaintiff's identification, the original lady returned to admonish Plaintiff to stop passing out his Christian tracts. Plaintiff continued to pass out tracts to students willing to receive them.

14. DEVALDIVIELSO then twisted Plaintiff's arm and pushed him onto the grass of the school property, and Plaintiff verbally and emphatically stated that he did not want to go on the grass. DEVALDIVIELSO then stated "Don't resist, I WILL take you down." At that point, he handcuffed and arrested Plaintiff for trespass (claiming that the school dean had asked him to leave), for which he was charged under City Ordinance No. 29 29-93(a)(1).

15. The refusal to allow Plaintiff to pass out Gospel tracts on the public sidewalk near the school, and the subsequent arrest for trespass, violate the First Amendment because the sidewalk (even in a school context) is a public forum.

16. The sidewalk along the front of East Aurora High School, at 779 Fifth Avenue in Aurora, is entirely public, along the side of a public street, and in no way was any notice given to any passersby, or to Plaintiff or anyone else, that it magically became school property when in front of the school.

17. In addition, because DEVALDIVIELSO dragged Plaintiff from the sidewalk onto school property before arresting him, he effectively invited him onto the property, being authorized to do so (indeed he compelled him onto the property). Invitation, an affirmative defense to trespass, negates the charge of trespass.

Count I: Violation of First and Fourteenth Amendments, 42 U.S.C. §1983: Officer DEVALDIVIELSO

18. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 17 inclusive above with the same force and effect as if fully set forth.

19. DEVALDIVIELSO approached Duehning and forbade him from handing out Gospel tracts on a public sidewalk, threatening arrest for the same, violated Duehning's First and Fourteenth Amendment rights to freedom of speech (preaching), assembly (demonstrating), press (literature distribution), and exercise of religion (proclaiming the Biblical Gospel of Jesus Christ).

20. Plaintiff was exercising his First Amendment right to freedom of speech and religious expression on a public sidewalk, which constitutes a traditional public forum; and he was deprived of these rights and had a chill placed on his rights to peacefully and lawfully preach the Gospel of Jesus Christ as a direct result of DEVALDIVIELSO'S actions which were taken under color of law.

21. DEVALDIVIELSO does not enjoy qualified immunity because as a state actor acting under color of law, he knew or should have known that his actions described above against Plaintiff were unconstitutional and unlawful under clearly established principles of federal constitutional law.

22. By prohibiting Plaintiff from distributing literature and Bibles and preaching on public ways, by threats, intimidation, coercion, and ultimately arrest, DEVALDIVIELSO caused injury to him in the following ways:

a. depriving him of his ability to reach his intended audience with his literature, and preaching; and

b. cutting off his exercise of First Amendment rights to freedom of speech, assembly, press, and free exercise of religion.

<u>Count II: Violation of Fourth and Fourteenth Amendments and 42 U.S.C. §1983—False Arrest: DEVALDIVIELSO</u>

23. Plaintiff realleges all preceding paragraphs and incorporates them in this Count.

24. DEVALDIVIELSO'S actions toward the plaintiff violated his Fourth and Fourteenth Amendment rights to be free from unlawful seizure and arrest, because DEVALDIVIELSO entrapped Plaintiff by dragging him physically onto school property (when Plaintiff had been on a public sidewalk) so that he could arrest him for trespass.

24. DEVALDIVIELSO does not enjoy qualified immunity because as a state actor acting under color of law, he knew or should have known that his actions described above against Plaintiff were unconstitutional and unlawful under clearly established principles of federal constitutional law.

Count III: Violation of Fourth and Fourteenth Amendments and 42 U.S.C. §1983—Unlawful Detention: DEVALDIVIELSO

25. Plaintiff realleges all preceding paragraphs and incorporates them in this Count.

26. DEVALDIVIELSO'S actions toward the Plaintiff—arresting him as a result of entrapment thus causing him to be detained—violated his Fourth and Fourteenth Amendment rights to be free from unlawful seizure and arrest.

27. DEVALDIVIELSO does not enjoy qualified immunity because as a state actor acting under color of law, he knew or should have known that his actions described above against Plaintiff were unconstitutional and unlawful under clearly established principles of federal constitutional law.

Count VI: Violation of Fourth and Fourteenth Amendments and 42 U.S.C. §1983—Excessive Force: DEVALDIVIELSO

28. Plaintiff realleges all preceding paragraphs and incorporates them in this Count.

29. DEVALDIVIELSO's actions toward the Plaintiff—using excessive force in the course of arresting him, notably by literally twisting his arm and dragging and physically forcing him off of a public sidewalk and onto grass which was school property, against his will, for the purpose of justifying an arrest for trespass where no such justification existed—egregiously violated his Fourth and Fourteenth Amendment rights.

30. DEVALDIVIELSO does not enjoy qualified immunity because as a state actor acting under color of law, he knew or should have known that his actions

described above against Plaintiff were unconstitutional and unlawful under clearly established principles of federal constitutional law.

Count V: Violation of First, Fourth, and Fourteenth Amendments and 42 U.S.C. §1983—Retaliation: DEVALDIVIELSO

31. Plaintiff realleges all preceding paragraphs above and incorporates them herein.

32. Defendants have engaged in retaliation against Plaintiff for his exercise of his clearly established First Amendment right to comment publicly on matters of public concern—namely, his preaching the Gospel and leafleting on the same topic which often meets hostility from modern culture, as Plaintiff's religious beliefs and preaching and literature (and the Bible from which they derive) condemn such cultural icons as homosexuality, fornication, adultery, and abortion.

33. Defendant knew or reasonably should have known that Plaintiff had and has a clearly established First Amendment right to speak out publicly on matters of public concern, and they nevertheless proceeded to effect retaliation against him for his exercise of said First Amendment rights by squelching his speech based on its content and even threatening arrest for such speech.

34. As a result of its' actions, Defendant caused injury to Plaintiff in the following ways:

a. depriving him of his ability to reach his intended audience with his literature and demonstration;

b. chilling his exercise of First Amendment rights;

c. effecting an illegal seizure and arrest and detention without probable cause; and

d. depriving him of the equal protection of the laws under the Fourteenth Amendment.

Count VI: Violation of First and Fourteenth Amendments and 42 U.S.C. §1983—Unconstitutional Custom and Policy: CITY OF AURORA

35. Plaintiff realleges all preceding paragraphs and incorporates them in this Count.

36. Defendant maintains a policy by which treats public sidewalks surrounding schools are erroneously treated as the school's private property.

37. In addition, Defendant has a policy and custom of depriving citizens who are not labor picketers (including Duehning) of the equal protection of the laws, and engaging in viewpoint discrimination and equal protection violations against him (as opposed to labor picketers) by imposing restrictions and prohibitions upon his rights to speech and expression which are not imposed upon labor picketers (see 820 ILCS 5/1 et.seq.).

38. Such policies are unconstitutional facially, and as applied to the plaintiff, as they violate his First Amendment rights to freedom of expression on public sidewalks, which are quintessential public fora.

39. Defendant by its above stated policy caused injury to plaintiff in the following ways:

a. depriving him of his ability to reach his intended audience with his literature, and preaching; and

b. cutting off his exercise of First Amendment rights to freedom of speech, assembly, press, and free exercise of religion.

Count VII: Battery—§1983: DEVALDIVIELSO

40. Plaintiff realleges all preceding paragraphs and incorporates them in this Count.

41. DEVALDIVIELSO's actions toward the Plaintiff—using physical force in the course of arresting him, notably by literally twisting his arm and dragging and physically forcing him off of a public sidewalk and onto grass which was school property, against his will, for the purpose of justifying an arrest for trespass where no such justification existed—egregiously constituted an unjustified and offensive touching of Plaintiff.

42. Plaintiff was not on school property until DEVALDIVIELSO forced him onto it before arresting him, and Plaintiff never resisted arrest or posed any physical threat to DEVALDIVIELSO.

Count VIII: Illinois Constitution: Freedom of Speech and Religion, Article I, Sections 3 and 4

43. Plaintiff realleges all above paragraphs and incorporates them into this Count.

44. The acts of the Defendant-Officer DEVALDIVIELSO and the City of Aurora described in the above claims violated the Illinois Constituion's Freedom of Speech and Religion clauses.

45. As a result of its' actions, Defendants caused injury to Plaintiff in the following ways:

a. depriving him of his ability to reach his intended audience with his literature and demonstration;

b. effecting an illegal seizure of Duehning without probable cause; and

c. chilling his exercise of Illinois Constituional rights to speech, assembly, press, and free exercise of religion.

Count IX: Declaratory Judgment pursuant to 735 ILCS 5/2-701: all Defendants

46. Plaintiff realleges all previous paragraphs and incorporates them into this Count.

47. The Illinois Code of Civil Procedure, at 735 ILCS 5/2-701, provides the, "[t]he court may, in cases of actual controversy, make binding declarations of rights … at the instance of anyone interested in the controversy."

48. Plaintiff seeks a declaration that the public sidewalks in front of schools such as East Aurora are public fora and thus open for activity such as his preaching and leafleting.

49. Plaintiff contends that Defendants' actions in forbidding his religious speech on public sidewalks in front of schools such as East Aurora violate the Illinois and U.S. Constitutions.

50. Defendants disagree that with the above contention.

51. Plaintiffs and Defendants are in actual controversy over the matters alleged herein.

52. Plaintiff is interested in the controversy.

53. Plaintiff thus seeks declaratory relief under 735 ILCS 5/2-701.

Count X: Declaratory Judgment pursuant to Fed.R.Civ.P. 57 and 28 U.S.C. §2201: All Defendants

54. Plaintiff realleges all above paragraphs paragraphs and incorporates them into this Count.

55. The Illinois Code of Civil Procedure, at 735 ILCS 5/2-701, provides the, "[t]he court may, in cases of actual controversy, make binding declarations of rights … at the instance of anyone interested in the controversy."

56. Plaintiff seeks a declaration that the public sidewalks in front of schools such as East Aurora are public fora and thus open for activity such as his preaching and leafleting.

57. Plaintiff contends that Defendants' actions in forbidding his religious speech on public sidewalks in front of schools such as East Aurora violate the U.S. Constitution.

58. Defendants disagree that with the above contention.

59. Plaintiffs and Defendants are in actual controversy over the matters alleged herein.

60. Plaintiff is interested in the controversy.

61. Plaintiff thus seeks declaratory relief under

Count XI: Indemnification Claim Pursuant to 745 ILCS 10/9-102: CITY OF AURORA

62. Plaintiff realleges all above paragraphs and incorporates them into this Count.

63. The acts of the Defendant-Officer DEVALDIVIELSO described in the above claims were willful and wanton, and committed in the scope of employment.

64. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant City of Aurora is liable for any judgments in this case arising from this individual Defendant's actions.

## Conclusion

Wherefore, Plaintiff requests that this Court grant the following relief:

A. That all Defendants' actions and policies and customs, as alleged above, be declared unconstitutional as violating the First, Fourth and Fourteenth Amendments and 42 U.S.C. §1983, as well as Illinois statutory and common and constitutional law;

B. That Defendants be ordered to pay compensatory and exemplary damages to Plaintiff, as well as attorney's fees pursuant to 42 U.S.C. §1988 and applicable Illinois statutes;

C. That all Defendants be enjoined from further violating the constitutional rights of Plaintiff and/or others similarly situated, pending resolution of this litigation.

D. A declaratory judgment to the effect that the public sidewalks surrounding schools are public fora; and

E. Any and all other relief this Court deems just.

PLAINTIFF DEMANDS TRIAL BY JURY

JOSIAH DUEHNING, Plaintiff

By: ___s/ Jason R. Craddock ___

Jason R. Craddock
Attorney at Law
19 S. LaSalle, Suite 604
Chicago, IL 60603
Phone: (312) 629-2818
Fax: (855) 817-9338