

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOSIAH DUEHNING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 13 C 5617 |
| | ) |
| AURORA EAST UNIFIED SCHOOL | ) Chief Judge Rubén Castillo |
| DISTRICT 131, and JOY | ) |
| CHASE, East Aurora High School Dean | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Josiah Duehning brought this action against Defendants East Aurora School District #131[1] (the "District") and Joy Chase, East Aurora High School Dean ("Chase") (collectively "Defendants") pursuant to 42 U.S.C. § 1983 ("Section 1983"), alleging deprivations of his rights under the First and Fourteenth Amendments to the U.S. Constitution, as well as Sections 3 and 4 of Article I of the Illinois Constitution. (R. 16, Am. Compl.) On April 20, 2015, the Court granted Defendants' motion for summary judgment and denied Plaintiff's cross-motion for summary judgment as to Counts VIII, IX, and XII. (R. 60, Mem. Op. & Order at 22.) The Court dismissed without prejudice Counts X, XI, and XIII. (*Id.*) Plaintiff now requests that the Court reconsider its ruling. For the reasons stated below, Plaintiff's motion to reconsider is denied.

---

[1] Defendant East Aurora School District #131 was incorrectly named as Aurora East Unified School District 131 in court filings by Plaintiff. (*See* R. 35, Defs.' Answer at 1; R. 41, Defs.' Facts at 1.)

## BACKGROUND

A description of Plaintiff's claims and the facts giving rise to the complaint are fully described in the Court's previous opinion. *See Duehning v. Aurora East Unified Sch. Dist. 131*, No. 13 C 5617, ---F. Supp. 3d---, 2015 WL 1880219, at *1-*3 (N.D. Ill. Apr. 20, 2015). The Court assumes familiarity with those facts. In summary, Plaintiff was arrested after he refused to stop handing out religious literature and conversing with students about Christianity at a public high school in Aurora, Illinois. *Id.* at *1-*2. As described below, Plaintiff brought Section 1983 claims against the school's dean (Chase) and the District, alleging deprivations of his rights under the First and Fourteenth Amendments, as well as sections of the Illinois Constitution governing freedom of religion and free speech. *Id.* at *2.

Plaintiff initiated this action on August 6, 2013, against the City of Aurora and Officer Victor DeValdivielso, Star Number 366, of the Aurora Police Department. (R. 1, Compl.) Plaintiff amended his complaint on April 8, 2014, adding the District and Chase as Defendants. (R. 16, Am. Compl.) In Count I, Plaintiff alleged that Officer DeValdivielso violated his First and Fourteenth Amendment rights. (*Id.* at 7.) In Count II, Plaintiff alleged a claim for false arrest against Officer DeValdivielso in violation of his Fourth and Fourteenth Amendment rights. (*Id.* at 9.) In Count III, Plaintiff alleged a claim for unlawful detention against Officer DeValdivielso in violation of his Fourth and Fourteenth Amendment rights. (*Id.*) In Count IV, Plaintiff alleged a claim of excessive force against Officer DeValdivielso in violation of his Fourth and Fourteenth Amendment rights. (*Id.* at 10.) In Count V, Plaintiff alleged a claim of retaliation against Officer DeValdivielso in violation of his Fourth, Fourth, and Fourteenth Amendment rights. (*Id.*) In Count VI, Plaintiff alleged that the City of Aurora maintained an unconstitutional custom or policy in violation of the First and Fourteenth Amendments. (*Id.* at

12.) In Count VII, Plaintiff alleged a claim for battery against Officer DeValdivielso. (*Id.* at 13.) In Count VIII, Plaintiff alleged that Chase violated his First and Fourteenth Amendment rights. (*Id.* at 14.) In Count IX, Plaintiff alleged that the District maintained an unconstitutional custom or policy in violation of the First and Fourteenth Amendments. (*Id.* at 15.) In Count X, Plaintiff alleged that Defendants violated his rights under Article I, Sections 3 and 4 of the Illinois Constitution. (*Id.* at 16.) In Count XI, Plaintiff sought a declaratory judgment pursuant to the Illinois Declaratory Judgment Act, 735 Ill. Comp. Stat. 5/2–701, that "the public sidewalks in front of schools[,] such as East Aurora High[,] are public fora and thus open for activity[,] such as his preaching and leafleting." (*Id.* at 17.) In Count XII, Plaintiff sought the same declaration from the Court pursuant to the Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201, and Federal Rule of Civil Procedure 57. (*Id.* at 18.) In Count XIII, Plaintiff alleged a claim for indemnification against the District and the City of Aurora pursuant to the Illinois Tort Immunity Act, 745 Ill. Comp. Stat. 10/9–102. (*Id.* at 19.)

Defendants filed a motion to dismiss Counts VIII-XIII of the amended complaint pursuant to Rule 12(b)(6) on May 21, 2014. (R. 25, Defs.' Mot. to Dismiss.) The Court denied Defendants' motion on July 2, 2014. (R. 34, Min. Entry.) On August 12, 2014, Plaintiff voluntarily dismissed the City of Aurora and Officer DeValdivielso from this suit, (R. 36, Min. Entry), and the Court dismissed both parties with prejudice on August 13, 2014, (R. 37, Order). Counts VIII-XIII remained after dismissing the City of Aurora and Officer DeValdivielso. The remaining Defendants moved for summary judgment on October 15, 2014. (R. 39, Defs.' Mot. Summ. J.) Plaintiff filed his amended cross-motion for summary judgment on January 6, 2015. (R. 52, Pl.'s Am. Mot. Summ. J. & Mem.) This Court granted Defendants' summary judgment motion as to Counts VIII, IX, and XII, and dismissed without prejudice Plaintiff's state law

claims, Counts X, XI, and XIII, pursuant to 28 U.S.C. § 1367(c). *Duehning*, 2015 WL 1880219, at *10.

On May 18, 2015, Plaintiff filed a motion to reconsider the Court's April 20, 2015 opinion under Rule 59(e). (R. 62, Pl.'s Mot. Reconsider.) In his motion, Plaintiff argues that the Court misapprehended certain legal arguments regarding the source of Chase's liability under Section 1983, and that this misapprehension resulted in the Court committing a "manifest error of law." (*Id.* at 3.) Defendants responded on May 21, 2015, arguing that the instant motion should be denied because Plaintiff is seeking either to rehash arguments the Court has previously rejected, or to assert new arguments that could have been raised in Plaintiff's cross-motion for summary judgment. (R. 64, Defs.' Resp. at 2-3.)

## LEGAL STANDARD

A "motion to reconsider" does not exist under the Federal Rules of Civil Procedure. *Talano v. Nw. Med. Faculty Found. Inc.*, 273 F.3d 757, 760 n.1 (7th Cir. 2001). Thus, a motion that seeks to challenge the merits of a ruling by a district court will automatically be considered as having been filed under Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994) ("Though the plaintiffs did not file their motion to reconsider pursuant to any one of the Federal Rules of Civil Procedure, 'the fact that it challenges the merits of the district court's decision means that it must fall under Rule 59(e) or Rule 60(b).'" (citation omitted)). A motion to alter or amend a judgment under Rule 59(e) "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). If timely filed, a motion styled as a motion for reconsideration should be considered under Rule 59(e). *Kiswani v. Phoenix Sec. Agency, Inc.*, 584 F.3d 741, 742 (7th Cir. 2009); *see also United States v. Deutsch*, 981 F.2d 299, 300-01 (7th Cir. 1993) ("Under which Rule the motion falls turns on

the time at which the motion is served. If the motion is served within [28] days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b)." (citation omitted)). Because Plaintiff's motion was timely filed, it is properly considered under Rule 59(e).

Motions under Rule 59(e) are granted only in rare circumstances. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). "A Rule 59(e) motion will be successful only where the movant clearly establishes: '(1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.'" *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (citation omitted). A manifest error of law means the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation omitted). It is improper to use a Rule 59(e) motion "to advance arguments or theories that could and should have been made before the district court rendered a judgment." *Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 512 (7th Cir. 2007) (citation omitted). Nor is it appropriate for the movant to rehash previously rejected arguments. *Vesely v. Armslist L.L.C.*, 762 F.3d 661, 666 (7th Cir. 2014) (citation omitted). Additionally, "[a] party may not use a motion for reconsideration to introduce new evidence that could have been presented earlier." *Oto*, 224 F.3d at 606 (citation omitted). "Once judgment has been entered, there is a presumption that the case is finished, and the burden is on the party who wants to upset that judgment to show the court that there is good reason to set it aside." *Hecker v. Deere & Co.*, 556 F.3d 575, 591 (7th Cir. 2009). Whether to grant a motion to reconsider is a matter squarely within the Court's discretion. *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996) (citation omitted).

## ANALYSIS

In its April 20, 2015 opinion, the Court held that Chase's mere admonition to Plaintiff that he exit school property did not rise to the level of a First Amendment violation, and therefore he was not entitled to summary judgment on his Section 1983 claim against Chase. *Duehning*, 2015 WL 1880219, at *4-*5. Plaintiff argued that his constitutional deprivation stemmed from being ordered to exit school property, and that Chase's liability resulted from her order that he leave school property. *Id.* at *4. He did not argue that his arrest resulted in a constitutional deprivation, or that Chase incurred any liability for the role she played in his arrest. *See id.* at *5, n.4. The Court also found that because Plaintiff had suffered no First Amendment violation, the District could not be liable for maintaining an unconstitutional policy that resulted in a violation of Plaintiff's rights. *Id.* at *6. The Court further held that Plaintiff had failed to establish that the District's policy violated his rights under the Equal Protection Clause of the Fourteenth Amendment because he could not prove that he had been treated differently than others "similarly situated." *Id.* at *7. As a result of these findings, the Court declined to issue Plaintiff his requested injunctive relief, or the declaratory relief he sought under the DJA. *Id.* at *8, *10. Finally, the Court dismissed without prejudice Plaintiff's remaining state law claims, finding it inappropriate to exercise supplemental jurisdiction over these complex state law claims. *Id.* at *9.

Plaintiff asks that the Court reconsider its prior opinion on the basis that it committed a manifest error of law in finding that Chase was not liable under Section 1983. (R. 62, Pl.'s Mot. Reconsider at 3.) He believes that the Court misapprehended his arguments regarding Chase's liability at the summary judgment stage. (*Id.*) Specifically, Plaintiff contends that he advanced an argument that Chase was ultimately responsible for his arrest, and as a result her actions rose

6

to the level of a First Amendment violation. (*Id.* at 3-4.) Plaintiff argues that the Court should have found Chase liable under Section 1983 for the role she played in his arrest, and thus the Court committed a manifest error of law in granting Defendants' summary judgment motion and in denying Plaintiff's cross motion.[2] (*Id.* at 8.)

Defendant counters that Plaintiff is asserting this argument regarding the source of Chase's Section 1983 liability for the first time, and because the argument could have been raised at the summary judgment stage, the Court should not consider it on a motion to reconsider. (R. 64, Defs.' Resp. at 3.) Plaintiff cites to three parts of the record where he contends that he did, in fact, argue that Chase violated his constitutional rights not only by ordering him to cross the street, but also by facilitating his arrest. (R. 62, Pl.'s Mot. Reconsider at 3-4.) The Court has re-examined the relevant portions of the record, and even construing them liberally, cannot conclude that Plaintiff asserted this argument prior to the entry of judgment.

Plaintiff cites to his amended complaint, supporting memorandum of law, and Local Rule 56.1 statement of undisputed material facts. (R. 62, Pl.'s Mot. Reconsider at 3-4 (quoting (R. 16, Am. Compl. ¶¶ 49-50; R. 52, Pl.'s Am. Mot. Summ. J. & Mem. at 11; R. 53, Pl.'s Add'l Facts ¶ 16)).) As an initial matter, the Court notes that the statement of material facts should contain only factual allegations, not legal conclusions. *See Malec v. Sanford*, 191 F.R.D. 581, 583 (N.D.

---

[2] While Plaintiff's motion suffers from a lack of clarity, it is evident that he believes that the District's policy was unconstitutional. (*See* R. 62, Pl.'s Mot. Reconsider at 7-8.) The Court did not reach this issue in its prior opinion; having found no underlying constitutional violation or municipal liability, it was unnecessary to address whether the District maintained an unconstitutional policy. *See Duehning*, 2015 WL 1880219, at *6. Plaintiff does not provide the Court with any basis for it to reconsider its ruling on this issue. He does not argue that the Court committed a manifest error of law or fact pertaining to the policy, nor does he offer any newly discovered evidence. *See Sigsworth*, 487 F.3d at 512. Therefore, it is entirely unclear how Plaintiff believes that the Court erred. Further, Plaintiff did not discuss his Equal Protection or state law claims, or the Court's denial of his request for declaratory or injunctive relief in the instant motion. Accordingly, the Court will confine its analysis to the issue of Chase's liability under Section 1983.

Ill. 2000) (Castillo, J.). This Court explained in *Malec* that "[t]he purpose of the 56.1 statement is to identify for the Court the evidence supporting a party's factual assertions in an organized manner: it is not intended as a forum for factual or legal argument." *Id.* at 585. Therefore, the Court is entitled to disregard any legal arguments or conclusions contained in the statement of facts. Nonetheless, the Court reviewed the cited portion of Plaintiff's fact statement and found that it offered no legal argument pertaining to Chase's liability. Similarly, the Court finds the cited portions of the amended complaint and memorandum suffer from a lack of clarity and a failure to coherently articulate this additional legal argument regarding Chase's liability. (*See* R. 16, Am. Compl. ¶¶ 49-50; R. 52, Pl.'s Am. Mot. Summ. J. & Mem. at 11.) In fact, Plaintiff's new argument is in direct contradiction to clearly delineated arguments he made throughout his memorandum in which he argued that Chase violated Plaintiff's First Amendment rights solely by requiring him to exit school property. (*See* R. 52, Pl.'s Am. Mot. Summ. J. & Mem. at 4, 18.) To the extent Plaintiff sought to raise an argument that Chase incurred Section 1983 liability for his arrest, he neither cited to authority for support nor sufficiently delineated it beyond a conclusory assertion. Courts are "not required to scour the party's various submissions to piece together appropriate arguments." *Little v. Cox's Supermarkets*, 71 F.3d 637, 641 (7th Cir. 1995); *see also LINC Fin. Corp. v. Onwuteaka*, 129 F.3d 917, 921 (7th Cir. 1997) ("failure to cite authorities in support of a particular argument constitutes waiver of the issue" (citation omitted)). Plaintiff's pleadings would have required this Court to construct this argument for him, which the Court was not required to do.

Based on the foregoing analysis, the Court cannot conclude that Plaintiff raised this specific argument about Chase's liability at the summary judgment stage. Further, the facts giving rise to this argument were indisputably available to Plaintiff prior to filing his cross-

motion for summary judgment. Therefore, this argument could and should have been presented to the Court before it issued its ruling. *See Sigsworth*, 487 F.3d at 512. As a result, Plaintiff's new argument is not a proper basis upon which the Court may reconsider its decision.

However, even if the Court assumed that Plaintiff made the argument that Chase incurred liability under Section 1983 for Plaintiff's arrest, this finding would still not compel the conclusion that the Court had committed a manifest error of law. Plaintiff relies on *Hernandez ex rel. Hernandez v. Foster*, 657 F.3d 463, 487 (7th Cir. 2011) for the proposition that "[a]n official causes a constitutional violation if he sets in motion a series of events that defendant knew or reasonably should have known would cause others to deprive plaintiff of constitutional rights." (R. 62, Pl.'s Mot. Reconsider at 2.) In order for this rule to apply, Plaintiff would have to establish that a constitutional deprivation in fact occurred. The Court's previous opinion makes clear that an attempt to curtail First Amendment rights is not enough to incur liability under Section 1983. *Duehning*, 2015 WL 1880219, at *4 (collecting cases). Therefore, Plaintiff would need to argue that the arrest (or some other act that Chase set into motion) was the source of his constitutional deprivation in order for Chase to incur any liability under Section 1983. Plaintiff did not make this argument at the summary judgment stage or in his current motion. Because Plaintiff has failed to provide a more persuasive argument that he suffered a constitutional violation, the Court cannot find that Chase incurred any liability under Section 1983. As a result, the Court finds that granting Defendants' summary judgment motion on this count was proper, and no manifest error of law was committed.

Plaintiff also argues that the Court committed a manifest error of law by ignoring *Bacon v. Bradley-Bourbannais High School District No. 307*, 707 F. Supp. 1005 (C.D. Ill. 1989). (R. 62, Pl.'s Mot. Reconsider at 4-7.) Defendants argue that *Bacon* is distinguishable from the

instant case, and that Plaintiff's reliance on *Bacon* is part of an effort to rehash previously rejected arguments. (R. 64, Defs.' Resp. at 4-5.)

In *Bacon*, the plaintiff was barred from distributing Gideon Bibles on a public sidewalk in front of a high school pursuant to the school district's policy. 707 F. Supp. at 1007. The *Bacon* court found that the policy violated the plaintiff's First Amendment and equal protection rights. *Id.* at 1009-1010. The Court notes that it did not reach the issue of whether the District's policy was constitutional. *See Duehning*, 2015 WL 1880219, at *6. Having found that the Plaintiff did not suffer a violation of his constitutional rights, the Court concluded the District necessarily could not be held liable under *Monell v. Department of Social Services of New York*, 436 U.S. 658, 690-91(1978). *Id.*; *see King ex. rel King v. East St. Louis Sch. Dist. 189*, 496 F.3d 812, 817 (7th Cir. 2007) ("It is well established that there can be no municipal liability based on an official policy under *Monell* if the policy did not result in a violation of [a plaintiff's] constitutional rights"). As a result, the Court declined to address whether the policy passed constitutional muster. Because the Court did not reach this issue in its opinion, it could not have committed a manifest error of law. Defendants are also correct that Plaintiff asserted this argument at the summary judgment stage, and therefore this would be an improper basis for the Court to reconsider its opinion. *See Vesely*, 762 F.3d at 666.

In conclusion, Plaintiff has failed to meet his burden in establishing that the Court has committed a manifest error of law in its previous opinion. *See Hecker*, 556 F.3d at 591. Plaintiff's motion consists of arguments that either could have been brought at the summary judgment stage, or arguments that were made and rejected by this Court previously. The Court has no grounds upon which to reconsider its previous judgment, and accordingly, the Court must deny Plaintiff's motion to reconsider.

The Court must address one final matter. Plaintiff requests that the Court convert its previous opinion into a final order so that Plaintiff may appeal the Court's decision in the event that the present motion is denied. (R. 62, Pl.'s Mot. Reconsider at 1, 9.) The Court notes that under 28 U.S.C. § 1291 the Seventh Circuit has jurisdiction "of appeals from all final decisions of the district courts[.]" *Bell v. Taylor*, 791 F.3d 745, 749 (7th Cir. 2015) (quoting 28 U.S.C. § 1291). A decision is final when "it ends the litigation on the merits." *Id.* (quoting *Cunningham v. Hamilton Cnty.*, 527 U.S. 198, 204 (1999)). A final judgment has been entered in this case, (*see* R. 61, Entry of J.), and therefore Plaintiff remains free to pursue his appeal.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to reconsider (R. 62) is DENIED.

**ENTERED:**

**Chief Judge Rubén Castillo**
**United States District Court**

**Dated: August 20, 2015**

11